All right, this is 4-14-0303, David Dorris v. Stacey Lynch-Fortier. Let's see, Attorney Lynch is here on behalf of herself, is that right? And Attorney Beragus? Did I say it right? Or Beragus? Beragus is here on behalf of the appellee. Okay, Ms. Lynch, you may proceed. Ms. Lynch-Fortier, there are two issues presented for review in this case. The first is whether the trial court incorrectly entered a judgment for the plaintiff in the amount of $35,545, representing 14 months pressed, whether there was no written contract, and the plaintiff's plea under the enforceable entry and retainer action on a month-to-month lease. The second issue is whether the trial court erred when it found an oral contract existed and the plaintiff could not testify to the specific terms of the contract, and it was an agreement for over a year in violation of the statute of fraud. On the first issue of the plaintiff's plea, and I apologize in advance, I believe, in my plea, and today I will clearly refer to myself as the plaintiff, I do have a defendant, but on the first issue of the plaintiff's plea, the defendant completely misses the point. The defendant acknowledges that the statute lays out very specific circumstances in which a claim for rent may be joined in an enforceable entry and retainer complaint. The plaintiff claims Sections 106, 207, or 209 of the Enforceable Entry and Retainer Act allow for the recovery of rent, but they have failed to give this court any authority. Not one case that states any of those sections allow for the recovery of rent or for the reward of that rent at all. There is not one single case in existence that stands for the position that they put forth in front of this court. In addition to that, they have failed to provide this court with any authority that would allow for the reward of that rent on an oral lease. Any oral lease, no matter how long, whether it's for two months or over a year. And they have failed to provide this court with any authority that an award of back rent is appropriate in a situation like this, where there is an alleged oral lease for a period of 14 months. There is absolutely no law in this case, no proposition, that the trial court's award  Now, because there is no authority in this case, no proposition, or for what the trial court below did, the award of 14 months back rent on an oral lease should be reversed on its recognition. The trial court simply did not follow the law and was wrong in entering a judgment against for 14 months back rent on the alleged oral lease. Now, on the issue of back rent, which is the main focus and issue before this court, the plaintiff really only gives this court one case. Yale Tavern v. Cosmopolitan National Bank. And they claim that that case allows for the rent award of the trial court below, awarded against the defendant. But Yale is not applicable because there were written leases involved in that case. There were two written leases actually involved in that case, and not an oral lease. Yale did discuss the scope of a forcible entry and detainer action, and noted that a forcible entry and detainer act provides a statutory procedure for determining the sole issue of possession. That's the purpose of this statute. The purpose of the statute, the forcible entry and detainer act, is to quickly restore an aggrieved party to possession of the purpose land. It is not to award back rent. Although the Northern Pacific Statute does allow for the recovery of rent, it is in those very five specific circumstances which were not permitted in this case. Yale continues by stating that the statute is in derogation of the common law, and therefore a court hearing a forcible entry and detainer claim is considered a court of special and limited jurisdiction for that proceeding. Matters not germane to the issue of possession may not be litigated in a forcible entry and detainer action. The sole issue to be decided by the court is possession, and that issue was decided by the court. The Yale court eventually hailed that the plaintiff did not have a cause of action under the forcible entry and detainer act, which is the cause of action that the plaintiff attempted to prove in that case. The same cause of action that the plaintiff attempted to prove in this case. So Yale actually supports the defendant's position, not the plaintiff's. So they have essentially given this court nothing, not one case to hang their hats on. And this case is an oral lease. It's not a written lease. And there's no authority that allows the lower court to grant a monetary award of rent for over $35,000. None. There's no case law that the trial court below cited, nor did the plaintiff today, can give you that allows for such an award on an oral lease. And that's because the defendant's position is correct. The trial court was simply wrong. It abuses discretion and should be reversed in this case. And this is exactly why all leases and unrightable agreements are unrightable. Mr. Norris and me disagree on the argument. And his failure to do so should result in a reversal of the trial court's $35,000 judgment. There's no basis in the forcible entry and detainer act, nor in the case law in Illinois, that allows for the trial court to award. Now, the trial court did probably acknowledge, with respect to the statute of frauds, that an oral lease is only forcible if the plaintiff can prove that an oral lease existed, but the plaintiff also has to prove what the terms of the oral lease were. The plaintiff, in this case, was unable to prove what the terms of the oral lease were. Mr. Norris testified at trial that he stupidly never put any time limit on the alleged oral agreement. And he was unable to testify to the date of that alleged oral conversation. Mr. Norris's stupidity in failing to put a time limit on the oral agreement should have been fatal to his claim that that might not have been a trial court. For this reason alone, based on his efficiency, that he failed to put a time limit on the oral agreement, this court should reverse the trial court's ruling, finding that an oral lease existed. The trial court found Section 201 addressed additional circumstances. The ominous addressed in Section 106. But he was wrong on that issue, because we're dealing with a statute, and the statute that they sued the defendant under should be interpreted strictly. And there was no law, no case, especially one involving an oral lease, that supported the conclusion that he reached. He fashioned the law into what he wanted the judgment to do, and he didn't follow the law in existence, as he should have done. Now, the plaintiff claims that the defendant waived the statutory issue. Initially, this claim should be denied because they don't set any authority for the claim of waiver. And the claim of waiver should also be denied because this issue was, in fact, raised in the trial court below on a time limit. The first time an amount that represented a period of time over a year was raised was in the trial court's work. And because the plaintiff does not claim to have a prejudice, surprise, or did not have an opportunity to reflect the defendant's statute of frauds defense, and because the trial court did, in fact, have an opportunity to address the statute of frauds issue, the plaintiff's claim of waiver should fail. The trial court essentially ignored the law on the statute of frauds. There was no oral agreement between the parties. This is why an agreement involving land must be in writing. There never was an agreement involving a piece of land. And in order to prevail on the terms of the oral contract, the party claiming the contract existed must prove the terms of the contract. Mr. Doris was unable to testify as to the time limit or date of the alleged conversation. Thus, the court awarded a judgment against the defendant for $35,000 on an invisible oral contract contrary to the law. The trial court abused its discretion because the plaintiff failed to prove the specific terms of the contract. The statute of frauds is law school 101, an agreement that involves land for a time period of more than a year must be in writing. The judgment against the defendant in this case represents a period of time for over a year, a name agreement, and judgment before entry should have been based on an actual written piece. The statute of frauds in Illinois is very specific. There is no action shall be brought to charge any person upon any contract for the sale of lands or any interest concerning them for a term longer than one year, unless it's in writing. And it has to be in writing, and it has to be signed by the party. Then the party should be liable. There is no such agreement in this case. And the statute of frauds isn't located. Now, the trial court specifically stated that he believed that the plaintiff's position in the trial court was correct and the defendant was incorrect simply because it went against what he'd been doing in his courtroom for years. But that is not the standard. What the trial court believed the law to be and what he did in his courtroom are, unfortunately, two different things. And the defendant respectfully requests this honorable court to follow the actual law. Thank you, counsel. Ms. Burgess. Counsel. Good morning. My name is Maria Burgess, and I'm here today on behalf of the plaintiffs in this matter, David, Emily, and Rory. And this case is a relatively straightforward one. It's a simple matter of statutory interpretation with regards to the force of election in this area. The question is, could the plaintiff request damages in the form of rent along with or congruently with a request that they be granted possession of the property again? It's important here to segregate those two issues because it's not an issue today whether or not the plaintiffs were the proper owners of this property or whether or not they were entitled to possession of that property. Indeed, that was not contested. That order was issued prior to the hearing on damages, and it's not an issue today. So the only question is whether or not the first part of the appellant's argument is whether or not the plaintiffs could request rent in conjunction with their force of election retainer. And, again, this is just a matter of a very simple statutory interpretation. The plaintiffs filed a 30-day notice pursuant to 735 ILCS 5-9-207, which sets forth that in all cases of tenancy, for any term less than one year, other than tenancy from mid-to-late, where the tenant holds over without special agreement, and no reimbursement agreement is required, the landlord may terminate the tenancy by 30 days notice in writing and may maintain an action proposal in assuring the retainer for adjustment. And that is exactly what the plaintiffs did. They provided a 30-day notice to the tenant. The tenant did not vacate the property, so an action was filed in the circuit court. This is a practice that is done in hundreds if not thousands of cases in the state of Illinois each year. Now, in order to determine whether or not the plaintiffs could make a claim for rent in conjunction with this, we look more generally at Section 9-207, which sets forth procedures for all post-court injury and retainer acts, which says that only issues that are germane may be joined. But it goes on to say that, however, a claim for rent may be joined in the complaint, and judgment may be entered for the amount of rent found there. It's very straightforward. And as far as the plaintiff is going to be able to conclude, there has never been such a desire to just take in the appellate court. So the lack of any case law in support of plaintiff's proposition is not a sign that the plaintiff's request is incorrect, but merely a sign that the statutory language could not be more clear. The plaintiff followed the procedures. Terminating the lease, the defendant chose to continue to remain on the property. So at that point, the plaintiff filed the National Procedure for Forcible Injury and Retainer Act and joined in it those issues which they were committed to, including back rent. And at court, it became clear that the defendant could stay on the property for a period of 14 months and then not pay for rent throughout that period after the 30-day notice of termination. I apologize, that's incorrect. It was not after the 30-day notice of termination. It was total. The defendant had not paid rent for a total period of 14 months. It's one of those instances where it could not be more clear what the law stated. And the trial court was prominent on it with regard to the complexity and the inefficiency that would be caused if this court today concluded it in any other way. As was stated at the trial court level, this is the common practice based on the statute. So if this court deviates from it, I suppose what the defendant is arguing is that each party would have to file two causes of action, one for forcible injury or detainer and then one for breach of contract. In cases where the facts of each are so intertwined and where the common practice is so similar, it is much more efficient for the trial court to be able to address both issues at the same time rather than having two cases moving through the system concurrently. As a result, from a perspective of this court's role, the trial court's finding that it was appropriate to award the unpaid rent for sale to the forcible injury detainer. With regard to the second part of the defendant's argument today, with regard to the existence of an oral contract, today is actually the first instance where the defendant has raised this potential issue of whether or not the oral contract actually existed. It was not in the creation of this book as to whether the statute of clause had been violated. So as a result, to some extent, that question has been weighed for lack of raising it earlier. However, to an extent, that's appropriate to respond to it. It was very clear with the terms of the oral contract in this work. At trial, the plaintiff produced evidence that for a period of 19 months prior to stopping the payment, that the defendant had paid a check in the amount of $2,539 to the plaintiff on a monthly basis. There was testimony from an employee of Mr. Doar's that these were referred to as rent checks by the plaintiff. And in case there were any doubts, the plaintiff produced evidence in an affidavit signed by Mr. Doar on behalf of Ms. Lynch and attached to an IRS document that Ms. Lynch filed with the federal government which is located at page 33 in the plaintiff's affidavit. Thus forth, the specific terms of that oral agreement, with regard to whether or not there were some comments about Mr. Doar's not being in the timeline for the agreement, that was in reference to a separate agreement. The bigger picture here, as Mr. Doar testified at trial, was that he had always intended at some point in time to sell this property to Ms. Lynch, but that she had never acted on that informal agreement. It wasn't a moral contract. I don't believe anyone would say that it was a spiritual contract. Mr. Doar certainly had not intended to enforce that. At trial, he did acknowledge that while that was the understanding that he had, that if Ms. Lynch would rent this property until she would have been able to purchase it, that it never happened. And that no timeline had been set up for that to be effectuated. With regard to the statute of promises, it is a very straightforward case. The trial court found the oral month-to-month lease. The trial court further found the oral month-to-month lease, which is for a term of 30 days, has been violated 14 times. So the amount of the damages reflects the number of breaches of the contract.  In fact, if the plaintiff had chosen to file the statute earlier, within six months of a 30-day rent, then the amount of damages would have been set, and it would not have raised this question of the statute of promises. Clearly, the trial court found that it was a month-to-month lease. The standard here for this court today is to see whether or not that was a... Whether that was a... This standard, with regard to that finding, cannot be assessed with. And given all of the information supporting the contention that there was a month-to-month oral lease, this court has no basis to find that the trial court was against the manifest way of the amendment. So with regard to the statute of promises, that leaves it applicable. In fact, in this case, any other findings would be confusing. So I appreciate your time today, Your Honor, and I respectfully request that you uphold the trial court's findings and deny this appeal. Counsel, is it clear that the statute of frauds is an affirmative defense under Illinois law? Yes, Your Honor, it is very clear. Thank you, Counsel. Thank you, Your Honor. Ms. Lynch, any rebuttal? Thank you. Although I would acknowledge that the statute of frauds is typically an affirmative defense in the state of Illinois, under these circumstances, no award for rent was ever requested by the plaintiff, or until it was actually awarded by the court, until after the actual order was entered. Therefore, I still believe that the defendant's insertion of the statute of frauds into this case was timely based on that. The plaintiff did not, in their complaint, request or specifically allege an agreement for over a year instituting the statute of frauds at the pleading stage. And plaintiffs should not be able to have it both ways. They should not be able to claim that the statute of frauds does not apply because the contract that issued was for a term of less than a year. It's not possible for the agreement to be for a term less than a year, and yet the judgment against the defendant clearly represents one year and some more rent. They should be able to have their case either two, it should be one way or the other. With respect to Section 207, notably the plaintiff did not rely on that particular section below, nor did the trial court rely on Section 207. The issue in the Forcible Entry and Detainment Act case is whether rent or recovery of rent is germane. They haven't given this court any authority that the recovery of rent is germane to the Forcible Entry and Detainment Act that they sued the defendant for. Now, could they request rent? Of course they could. The specific section laid out in plaintiff's brief of the Forcible Entry and Detainment Act, the section says recovery of rent under 1, 2, 3, 4, 5. That's it. It doesn't say anything else. Case law doesn't allow for anything else. What the plaintiff should have done and shouldn't have is sued for recovery of rent under a breach of an oral contract. A simple breach of an oral agreement, a separate count, which is enforceable. Other than those, an oral agreement is enforceable in Illinois if you confirm a specific element of the agreement. They didn't do that. They framed a complaint under the Forcible Entry and Detainment Act and under the Forcible Entry and Detainment Act only. And under the facts and circumstances of these cases, based on admissions laid out at the time of this case, the plaintiff was unable to prove the specifics of the agreement. You could not put a title on it, and you could not even tell the court when the agreement was entered into. So based on that, and the way the plaintiff framed his complaint, their claim should be announced. Now, also, with respect to Section 207 specifically, that particular section I do not believe applies in this case. Not only was it not filed by the child court or plaintiff below, but that agreement is also for a tenancy for any time less than one year, other than tenancy for HPV. And again, those are not things that the plaintiff was able to prove. Thank you, counsel. Thank you, counsel. We'll take this matter under advisement and stand in recess.